Donald L. Gaffney (#005717)
Jonathan M. Saffer (#022004)
SNELL & WILMER L.L.P.
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
Telephone: (520) 882-1200
Facsimile: (520) 884-1294
Email: dgaffney@swlaw.com
       jmsaffer@swlaw.com

Robert B. Millner (IL#1922645)
Kevin P. Kamraczewski (CA#132465; IL#6183116)
Patrick C. Maxcy (IL # 6275469)
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
Chicago, IL 60606
Telephone: (312) 876-8000
Facsimile: (312) 876-7934
E-mail: rmillner@sonnenschein.com
        kevink@sonnenschein.com
        pmaxcy@sonnenschein.com

Attorneys for Pacific Employers Insurance Company

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON, *aka* THE DIOCESE OF TUCSON, an Arizona corporation sole,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case Nos. 4-04-04721-JMM<br><br>**LIMITED OBJECTION OF PACIFIC EMPLOYERS INSURANCE COMPANY TO (I) DEBTOR'S MOTION FOR ORDER APPOINTING GUARDIAN AD LITEM TO REPRESENT THE INTERESTS OF MINORS IN THE REORGANIZATION CASE; AND (II) DEBTOR'S MOTION FOR ORDER APPOINTING A LEGAL REPRESENTATIVE FOR FUTURE TORT CLAIMANTS**<br><br>[Relates to DE Nos. 69 and 71] |

Pacific Employers Insurance Company ("Pacific"), a party in interest in the bankruptcy case of the Roman Catholic Church of the Diocese of Tucson (the "Diocese" or "Debtor"), hereby

1586533.1

files this limited objection to the: (i) Debtor's Motion for Order Appointing Guardian Ad Litem to Represent the Interest of Minors in the Reorganization Case (the "Guardian Ad Litem Motion") and (ii) Debtor's Motion for Appointing a Legal Representative for Future Tort Claimants (the "Representative Motion") (collectively, the "Motions"). This limited objection is supported by the attached Memorandum and Points of Authority.

RESPECTFULLY SUBMITTED, this 22nd day of October, 2004.

SNELL & WILMER L.L.P.

By: /s/ DG - #005717
Donald L. Gaffney
Jonathan M. Saffer
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630

and

SONNENSCHEIN NATH & ROSENTHAL LLP

By: Robert B. Millner
Kevin P. Kamraczewski
Patrick C. Maxcy
8000 Sears Tower
Chicago, IL 60606

Attorneys for Pacific Employers Insurance Company

# MEMORANDUM AND POINTS OF AUTHORITY

Pacific, a party in interest in the Diocese's bankruptcy proceedings, hereby submits its limited objection to certain aspects of the Debtor's motions to appoint a guardian ad litem and future claims representative in this bankruptcy case. Pacific does not object to the appointment of an individual to represent the interests of certain claimants who allegedly suffer from so-called "repressed memory," and thus are not able to file claims in the Debtor's bankruptcy case under the established claims procedures. However, such claims are not "future claims" as that term is used in bankruptcy law, and the representative of the alleged claimants should be labeled appropriately. Furthermore, nothing in the order approving the Motions should constitute an acknowledgement by this Court as to the validity of the so-called "repressed memory" doctrine, which has not been adopted by the Arizona Supreme Court, or that there really are any claimants to be represented by the representative for such class. Finally, it should be made clear in any order providing for the appointment of a representative for the alleged repressed memory claimants that Ninth Circuit law, as it applies to claims, remains applicable, and that the appointment of such representative does not excuse claimholders who are required by applicable law to file claims from doing so by the claims bar date.

## I. Argument

### 1. The Party Representing The Interests of Alleged Repressed Memory Claimants Should Not Be Labeled A "Future Claims Representative" Because That Term Holds Legal Significance Under Bankruptcy Law Distinguishable From This Case

The Representative Motion seeks to appoint a "futures claim representative" to handle the potential claims of persons who are allegedly suffering from "repressed memory." At the outset, Pacific wishes to make clear that it does not have an objection to the appointment of a legal representative for such individuals, to the extent, if at all, the "repressed memory" doctrine is ultimately recognized -- that is, a representative for claimants who really have no knowledge,

because of a demonstrable memory defect, of facts sufficient to put them on notice of a potential claim.

The Debtor correctly notes that the appointment of a future claims representative was first accomplished through the mass tort asbestos cases, *see In re Johns-Manville*, 36 B.R. 743 (Bankr. S.D.N.Y. 1984), and eventually codified into law through the enactment of Section 524(g) of the Bankruptcy Code. While Section 524(g) expressly deals with asbestos cases, courts have also permitted the appointment of a future claims representative in non-asbestos cases. *See, e.g., In re Met-Coil Sys. Corp.*, Case No. 03-12676 (Bankr. N.D. Ill. July 8, 2004) (Confirmation Hearing) (using 524(g) as a "roadmap" to deal with future claimants in bankruptcy case involving trichloethylene pollution).

The alleged repressed memory claim in this case, however, are distinct from the type of claims addressed by Section 524(g) and its judicial cousins. Future claimants affected by mass torts, such as those in *Johns-Manville*, required legal protection of the type afforded under Section 524(g) because they exhibited no manifestations of symptoms or disease at the time of the relevant debtor's applicable bar date. The simple exposure to the destructive agent (e.g., asbestos) does not itself give notice of a claim; rather, it is the effects of that exposure that results in a claim against the debtor. In the case of asbestos, that effect may not manifest itself until years in the future, if at all.

In contrast, the alleged repressed memory claimants in this case hold current claims, even though, to the extent the repressed memory doctrine is valid, such claims are unknown at this time. The alleged conduct giving rise to the claim occurred prepetition, and was in the nature of a battery. Moreover, the alleged repressed memory claimant had a sufficient relationship with the purported tortfeasor to give rise to a "claim" under § 101(5) of the Bankruptcy Code. *See Hassanally v. Republic Bank (In re Hassanally)*, 208 B.R. 46, 53 (9th Cir. BAP 1997)(noting that Ninth Circuit's "fair contemplation" standard as stated in *In re Jensen*, 995 F.2d 925 (9th Cir. 1993), is the equivalent of a "conduct plus prepetition relationship" test).

The alleged repressed memory claimants do not have "future claims" in that they do not have an "injury that has not yet become manifest at the time the debtor has filed for bankruptcy[.]" *Hassanally*, 208 B.R. at 53 (quoting Ralph R. Mabey & Jamie Andra Garvin, *Constitutional Limitations on the Discharge of Future Claims in Bankruptcy*, 44 S.C.L. Rev. 745, 750 (Summer 1993)). Rather, the alleged repressed memory claimants have an existing claim under § 101(5) of the Bankruptcy Code and under the Ninth Circuit standard as set forth in *Jensen* and its progeny.

While Pacific does not object to the appointment of a legal representative for individuals suffering from alleged "repressed memory," such representative should be more appropriately denominated the "Unknown Claims Representative."

### 2. The Appointment of an Unknown Claims Representative Should Not Be Construed as an Acknowledgement of Validity of the "Repressed Memory" Doctrine

Although Pacific does not object to the appointment of an Unknown Claims Representative for alleged repressed memory claimants, Pacific reserves the right to object to any assertion by the Debtor or any third party that "repressed memory" is a theory upon which future claims may be asserted against the Debtor.

The Debtor's assertion that the case of *Doe v. Roe*, 955 P.2d 951 (Ariz. 1998), recognized the "repressed memory" doctrine goes too far. In *Doe*, a woman who had been the alleged victim of sexual abuse by her father sued her parents after she recovered her memories of the childhood abuse, which she claimed had been repressed until adulthood. *Doe*, 955 P.2d at 954-56. The defendants moved for summary judgment asserting the plaintiff's claims were barred by the statute of limitations and prevailed. *Id.* The Arizona Court of Appeals affirmed the trial court's decision. Subsequently, the plaintiff appealed the decision to the Arizona Supreme Court. *Id.*

In allowing the limited application of the discovery rule and the tolling provisions of the statute of limitations where "repressed memory" was alleged, the Arizona Supreme Court, for the

purposes of summary judgment, "assumed the phenomenon of repressed memory exist[ed] and the concept could be applied to the Plaintiff's discovery and tolling claims." *Doe*, 955 P.2d at 956.

> At this stage of the case . . . we must take the facts in the light favoring [the plaintiff] against whom summary judgment was granted. (citations omitted.)
>
> . . .
>
> [W]e must assume the truth of plaintiff's submission and that it would be for the jury to decide the question of repressed memory recovery or false memory syndrome.

*Doe*, 955 P.2d at 956, 960. The Court expressly noted that it was not addressing or deciding whether the "repressed memory" theory conformed to accepted scientific theory under the legal standards annunciated in *Frye v. U.S.*, 293 F. 1013 (D.C. Cir. 1923).

Moreover, in revisiting the "repressed memory" theory two years later, the Arizona Supreme Court noted that the "repressed memory" theory was not thoroughly tested and that the "most reasonable position . . . is to maintain skepticism[.]" *Logerquist v. McVey*, 196 Ariz. 470, 491 (Ariz. 2000). Indeed, the Debtor itself notes that "[t]he issue of whether repression is a generally accepted scientific hypothesis is still open to debate." (Representative Motion at n. 7, *citing Logerquist*, 196 Ariz. at 490-91).

In light of the uncertain status of the "repressed memory" doctrine in the State of Arizona, Pacific requests that the Court refrain from making any findings or determinations regarding the validity or recognition of the "repressed memory" theory and that any appointment order specifically state that by appointing a representative for alleged repressed memory claimants the Court is not recognizing the validity of the "repressed memory" theory.[1]

---

[1] Nothing in this limited objection shall constitute or be construed as an admission that Pacific recognizes legal, medical or other authority approving of the "repressed memory" doctrine.

### 3. The Unknown Claims Representative and Guardian Ad Litem Should Not Be The Same Person

In the Guardian Ad Litem Motion, the Debtor suggests that "[a]bsent some clear conflict, the [Unknown] Claims Representative and the [Guardian] could be the same person." (Guardian Ad Litem Motion at n. 6.) Pacific believes a "clear conflict" indeed exists, and the Unknown Claims Representative and Guardian should not be the same person.

The Debtors propose that the Guardian will represent the interests of unrepresented minors who are aware of their claims. (Guardian Ad Litem Motion at 9-10.) On the other hand, the Unknown Claims Representative will represent individuals who purportedly have no recollection of any abuse. It is entirely possible that recovery by one class may reduce or otherwise impact the distribution to the other. If no provision were made for unknown claimants, more estate value would be available for other claimants. It will be very difficult, if not impossible, for any individual to wear the hats of both Guardian and Unknown Claims Representative. "Structural protections" are necessary "to assure that differently situated plaintiffs negotiate for their own unique interests." *Georgine v. Amchem Prods. Inc.*, 83 F.3d 610, 631 (3d Cir. 1996), *aff'd*, *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 117 S. Ct. 2231 (1997). Accordingly, the dual representation envisioned by the Debtor creates an impermissible conflict that is not in the best interests of either known or unknown claimants. *See Georgine*, 83 F.3d at 630 (in the context of a class action certification, an impermissible conflict of interest existed where class representative sought to represent both presently injured and future plaintiffs). *See also Ortiz v. Fireboard Corporation*, 527 US. 815, 856 (1999)(citing *Amchen* for proposition that class action future claimants and present claimants must have separate representation in order to avoid conflicting interest of counsel).

### 4. The Class Of Claimants Entitled To Representation By The Unknown Claims Representative Should Be Expressly Limited To Those Individuals Allegedly Suffering from "Repressed Memory"

While it should go without saying that the class of individuals represented by the Unknown Claims Representative should be limited to those who purportedly suffer from "repressed memory," Pacific seeks assurance on this point. Any order appointing such representative must clearly provide that any claimant holding a claim under the standard adopted by Jensen, but failed to submit a timely claim, does not get a second bite at the apple. To allow otherwise, would effectively nullify the purpose of the bar date. To be clear, claimants who are reluctant to come forward, who are embarrassed to file, who know they had sexual contact but do not presently feel it was wrong or who do not connect such contact to any damage or negative consequences, all have claims and must file a proof of claim by the claims bar date. Pacific believes that there may be no "unknown claimants" whatsoever.

## II. CONCLUSION

Pacific will use its best efforts to resolve the concerns noted above with the Debtor. It submits that the limitations suggested herein are reasonably and narrowly crafted and consistent with the Diocese's objectives in bringing the Motions. Accordingly, Pacific requests that any order appointing a representative for the so-called "repressed memory" claimants:

1. Appropriately label the representative as the "Unknown Claims Representative," and not as the "Future Claims Representative";

2. Specifically state that the appointment of a representative for the alleged "repressed memory" claimants is not a recognition by the Court of the validity of the so-called "repressed memory" theory;

3. Appoint a separate guardian ad litem and representative for alleged "repressed memory" claimants;

4. Clearly provide that claimants who hold claims under applicable Ninth Circuit law, but who fail to come forward out of reluctance, embarrassment, or choice are bound by the claims bar date.

RESPECTFULLY SUBMITTED, this 22nd day of October, 2004.

SNELL & WILMER L.L.P.

By: /s/ DG - #005717
Donald L. Gaffney
Jonathan M. Saffer
One South Church Avenue, Suite 1500
Tucson, AZ 85701-1630
and

SONNENSCHEIN NATH & ROSENTHAL LLP
By: Robert B. Millner
Kevin P. Kamraczewski
Patrick C. Maxcy
8000 Sears Tower
Chicago, IL 60606

Attorneys for Pacific Employers Insurance Company

| | | |
|---|---|---|
| 1 | COPY of the foregoing served by U.S. Mail or electronic notification | Neil J Konigsberg<br>Konigsberg Law Office PLLC |
| 2 | on October 22, 2004, to: | 2302 E. Speedway, Suite 104<br>Tucson, AZ 85719-4732 |
| 3 | Susan G Boswell<br>Kasey C. Nye | E-Mail: neil.konigsberg@azbar.org<br>Attorneys for Tucson Electric Power |
| 4 | Quarles & Brady Streich Lang<br>One South Church Avenue | Company |
| 5 | Suite 1700<br>Tucson, AZ 85701-1621 | Ivan Safyan Abrams<br>177 N Church Ave #200 |
| 6 | E-Mail: sboswell@quarles.com<br>knye@quarles.com | Tucson, AZ 85701<br>Attorney for Creditors Cleothilde Robles, |
| 7 | Attorneys for Debtor | Meta Hower, and Philip Hower |
| 8 | Christopher J. Pattock<br>Office of the U.S. Trustee | G. David Delozier<br>G. David Delozier, P.C. |
| 9 | 230 N. First Ave., #204<br>Phoenix, AZ 85003-1706 | 4016 E. Forest Pleasant Place<br>Cave Creek, AZ 85331 |
| 10 | | E-Mail: gddelozier@aol.com |
| 11 | C. Taylor Ashworth<br>Stinson Morrison Hecker LLP | Attorneys for John Doe III |
| 12 | 1850 N. Central Ave. #2100<br>Phoenix, AZ 85004 | Christopher R. Kaup<br>Tiffany & Bosco, P.A. |
| 13 | E-Mail: tashworth@stinsonmoheck.com<br>Attorneys for Various Personal Injury Tort | 2525 East Camelback Road<br>Suite 300 |
| 14 | Plaintiffs | Phoenix, AZ 85016<br>E-Mail: crk@tblaw.com |
| 15 | Rob Charles<br>Lewis And Roca LLP | Attorneys for Biltmore Associates<br>As Agent For Certain Creditors |
| 16 | 1 South Church Ave Ste. 700<br>Tucson, AZ 85701-1611 | Nancy J. March |
| 17 | E-Mail: rcharles@lrlaw.com<br>Attorneys for Catholic Foundation for | Deconcini Mcdonald Yetwin & Lacy, P.C.<br>2525 E. Broadway Blvd., #200 |
| 18 | the Diocese of Tucson | Tucson, AZ 85716<br>E-Mail: nmarch@dmyl.com |
| 19 | Daniel J. Quigley<br>Quigley & Whitehill, PLC | Attorneys for St. Paul Travelers |
| 20 | 2730 E. Broadway, Suite 160<br>Tucson, AZ 85716-5384 | /s/ Janice L. Rogalla |
| 21 | E-Mail: quigley@qw-law.com<br>Attorneys for St. Augustine Catholic High | |
| 22 | School | |
| 23 | Lowell E. Rothschild<br>Michael W. McGrath | |
| 24 | Mesch, Clark & Rothschild, P.C.<br>259 N. Meyer Ave. | |
| 25 | Tucson, AZ 85701<br>E-Mail: ecfbk@mcrazlaw.com | |
| 26 | Attorneys for Roman Catholic Parishes | |