**McEVOY, DANIELS & DARCY, P.C.**
Camp Lowell Corporate Center
4560 East Camp Lowell Drive
Tucson, Arizona 85712
Telephone:    (520) 326-0133
Fax:    (520) 326-5938

Sally M. Darcy
e-mail: darcysm@aol.com
Attorney for A. Bates Butler III, Unknown Claims Representative

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 Proceedings |
| THE ROMAN CATHOLIC CHURCH OF DIOCESE OF TUCSON *aka* THE DIOCESE OF TUCSON, an Arizona corporation sole, | Case No. 4:04-bk-04721-JMM |
| | **OBJECTION TO DEBTOR'S FIRST AMENDED AND RESTATED DISCLOSURE STATEMENT** |
| Debtor. | |

For the reasons set forth below, A. Bates Butler III, the Unknown Claims Representative ("Butler"), objects to Debtor's First Amended and Restated Disclosure statement Regarding Plan of Reorganization Dated February 25, 2005.

Disclosure Statements are governed by 11 U.S.C. § 1125. The disclosure is intended to give such additional information as will assist a typical creditor, in a particular class, to make an informed judgment as to how it will vote on a proposed plan. 11 U.S.C. § 1125(a)(1).

An adequate disclosure statement primarily requires that creditors be given the information needed to determine whether to accept or reject the plan, In re Moonier Bros., 755 F.2d 1336 (8th Cir. 1985). Guidelines for the adequacy of disclosure were set forth in A.C. Williams Co., 25 B.R. 173 (Bank. N.D. Ohio 1982).

As set forth below, the Disclosure Statement filed by the Diocese does not contain sufficient information.

1. The Disclosure Statement does not identify the person(s) involved with the Diocese who provided the information contained in the Disclosure Statement.

2. The Introduction states that the Plan will establish a fund for victims who have presently identified themselves, and for those who recognize their Claims or identify themselves in the future. This should be clarified. The fund established is for victims with allowed claims.

3. The Disclosure Statement identifies Parish Unsecured Claims as impaired and entitled to vote. Butler reserves his rights to dispute that the Parishes are separate entities with claims. To the extent they have separate claims, they are insider claims, and such class is subject to 11 U.S.C. §1129(a)(10). In addition, the Plan discriminates unfairly if the Class 6 Parish Unsecured Claims and the Class 7 General Unsecured Claims are paid in full, but the Class 9 Tort Claimants are being paid less than the full amount of their claim.

4. There needs to be more disclosure and clarification as to the Settlement Trust and the Litigation Trust, and how the Debtor intends to reserve funds for the unknown victims. For example, how much will be reserved for those claimants who have not been identified? Assuming the parties agree on the number of unidentified victims, or the Court determines the number, the tier for each victim is determined by the Special Master. However, until the victim comes forward, the tier for payment purposes is unknown.

The Diocese proposes to have the Trustees of the Settlement Trust establish a reserve for the Claims of Minors and Unknown Tort Claims based upon a formula determined by the Bankruptcy Court as part of the confirmation process. More information is needed regarding this formula. What factors will be included, and what will be proposed, are important disclosures that have not been included in the Disclosure Statement.

In addition, the Diocese is proposing that all Tort Claimants will automatically be included in the Settlement Trust unless such Tort Claimant has entered into a Claim Allowance Agreement or has affirmatively elected to have his or her claim treated under the Litigation Trust. Obviously, the unknown victims have not entered into a Claim Allowance Agreement. The unknown victims should not be required to make an election at this time. In addition, the amount to be allocated to each trust is an important component to the election process.

With regard to the Litigation Trust, the costs of defending the claim will be paid from the Litigation Trust. The costs the Diocese has incurred in the past to defend claims is necessary to

- 2 -

determine the potential recovery to a victim who elects to be placed in the Litigation Trust.

5. The Disclosure Statement states that The Diocese and the Committee and other interested parties will propose the person who will be the Special Master to be selected by the Bankruptcy Court. Butler and the Guardian Ad Litem, Charles A. Arnold ("Arnold") should also be a part of the selection process. The Disclosure Statement fails to address how the Special Master will be selected, and the process if the parties do not agree.

6. Butler and Arnold should be part of the decision making process for the classification of tort claimants into Tiers. The criteria for each Tier is to be set forth in the Settlement Trust and to be agreed upon between the Committee and the Diocese. This should also include an agreement with Butler and Arnold.

8. The Diocese takes the position that "Parish Property" is not property of the estate, and not subject to the Tort claims. Butler preserves his rights to object to the Diocese's failure to include "Parish Property." Butler believes that when a Catholic diocese is formed as a corporation, sole parishes within the diocese are part of the diocese itself and do not have any separate legal existence. While parishes may be separate entities for religious purposes under Canon Law, they are not separately incorporated under civil law. In fact, the Diocese proposes to have the Parishes incorporate after confirmation of a plan.

Butler preserves his right to object to the exclusion of the Parish real and personal property and the funds held by the Diocese for the "benefit" of the Parishes.

9. The Disclosure Statement identifies Church personnel, including priests, who minister in the territory of the Diocese as not being employees of the Diocese, but associated with or employed by Parishes and other orders. It is believed that priests may be paid by their respective Parish, but serve at the discretion of the Bishop.

10. The Diocese proposes to work with the Committee to determine if any payments made to creditors prior to the bankruptcy may be recoverable. Butler and Arnold should be included in this process.

11. The Diocese proposes to obtain a permanent injunction against prosecution of claims against Channeled Claims or Claims against any Released Parties. The injunction proposed by the

1 | Diocese will benefit Participating Third Parties which would include the Parishes, without including

2 | the "Parish Property." No Third Party, including the parishes, should obtain an injunction without

3 | contributing a substantial sum of money to the payment of the Tort Claims. The Diocese cannot

4 | obtain an injunction for the benefit of third parties, nor would such an injunction benefit the Estate..

6 | 12. No time frame has been set for the unknown victims. The Diocese should propose a time

7 | frame in which assets will be available for distribution to the unknown claimants. The amount of

8 | the fund, and the duration the fund will be available, should be disclosed.

9 | Wherefore, Butler requests that the Court deny approval of the Disclosure Statement until

10 | further information is provided.

11 | RESPECTFULLY SUBMITTED this 21st day of March, 2005.

12 | McEVOY, DANIELS & DARCY, P.C.

By:_____/s/Sally M. Darcy_____
Sally M. Darcy
Attorneys for A. Bates Butler III
Unknown Claims Representative

Copy of the foregoing served this 21st day
of March, 2005, to parties listed on
Exhibit "A" attached:

| | | |
|---|---|---|
| SUSAN G BOSWELL<br>KASEY C NYE<br>QUARLES BRADY<br>1 S CHURCH AV STE 1700<br>TUCSON AZ 85701<br>sboswell@quarles.com<br>(Attorneys for Debtor) | GERALD R OMERA<br>GUST ROSENFELD<br>1 S CHURCH AV STE 1900<br>TUCSON AZ 85701<br>gromeara@gustlaw.com<br>(Attorneys for Diocese of Tucson) | THOMAS A ZLAKET<br>310 S WILLIAMS BLVD STE 170<br>TUCSON AZ 85711<br>tazlaket@qwest.net<br>(Attorneys for Diocese of Tucson) |
| C TAYLOR ASHWORTH<br>ALISA C LACEY<br>STINSON MORRISON HECKER LLP<br>1850 N CENTRAL # 2100<br>PHOENIX AZ 85004<br>rmcgee@stinsonmoheck.com<br>(Attorneys for Official Committee of Unsecured Creditors) | LOWELL E ROTHSCHILD<br>MICHAEL MCGRATH<br>MESCH CLARK & ROTHSCHILD<br>259 N MEYER AV<br>TUCSON AZ 85701<br>lrothschild@mcrazlaw.com<br>mmcgrath@mcrazlaw.com<br>(Attorneys for Roman Catholic Parishes) | ROB CHARLES<br>LEWIS & ROCA<br>ONE S CHURCH AV STE 700<br>TUCSON AZ 85701<br>rcharles@lrlaw.com<br>(Attorneys for Catholic Foundation for the Diocese of Tucson) |
| CHRISTOPHER J PATTOCK<br>OFFICE OF THE US TRUSTEE<br>230 N FIRST AV STE 204<br>PHOENIX AZ 85003<br>christopher.j.pattock@usdoj.gov) | LYNN N CADIGAN<br>KIM E WILLIAMSON<br>CADIGAN & WILLIAMSON PLLC<br>504 S STONE AV<br>TUCSON AZ 85701<br>lmcadigan@qwest.net<br>kewilliamson@qwest.net<br>(Attorneys for Plaintiffs) | ROBERT B MILLNER<br>KEVIN P KAMRACZEWSKI<br>PATRICK C MAXCY<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>8000 SEARS TOWER<br>CHICAGO IL 60606<br>rmillner@sonnenschein.com<br>kevink@sonnenschein.com<br>pmaxcy@sonnenschein.com<br>(Attorneys for Pacific Employers Insurance) |
| JAMES A HAYES JR<br>CUMMINS & WHITE<br>2424 SE BRISTOL ST STE 300<br>NEWPORT BEACH CA 92660<br>jhayes@cwlawyers.com<br>(Attorneys for Roman Catholic Bishop of Orange) | NANCY J MARCH<br>DECONCINI MCDONALD YETWIN & LACY<br>2525 E BROADWAY BLVD STE 200<br>TUCSON AZ 85716-5300<br>nmarch@dmyl.com<br>(Attorneys for St. Paul Travelers) | G DAVID DELOZIER PC<br>4016 E FOREST PLEASANT PL<br>CAVE CREEK AZ 85331<br>gddelozier@aol.com<br>(Attorney for John Doe XXIII, CV2004-007827) |
| DONALD L GAFFNEY<br>JOHATHAN M SAFFER<br>SNELL & WILMER LLP<br>ONE S CHURCH AV STE 1500<br>TUCSON AZ 85701-1630<br>dgaffney@swlaw.com<br>jmsaffer@swlaw.com<br>(Attorneys for Pacific Employers Insurance) | ROBERT K MALONE<br>MICHAEL P POMPEO<br>DRINKER BIDDLE & REATH LLP<br>500 CAMPUS DR<br>FLORHAM PARK NJ 07932<br>robert.malone@dbr.com<br>michael.pompeo@dbr.com<br>(Attorneys for St. Paul Travelers) | CHARLES L ARNOLD<br>FRAZER RYAN GOLDBERG ARNOLD<br>3101 N CENTRAL AV STE 1600<br>PHOENIX AZ 85012-2615<br>charles.arnold@azbar.org<br>(Guardian Ad Litem) |

| | | |
|---|---|---|
| NEIL J KONIGSBERG<br>KONISBERG LAW OFFICE PLLC<br>2302 E SPEEDWAY STE 104<br>TUCSON AZ 85719<br>neil.konigsberg@azbar.org<br>(Attorney for Tucson Electric Power) | CHRISTOPHER R KAUP<br>GREGORY W SEIBT<br>TIFFANY & BOSCO PA<br>2525 E CAMELBACK RD 3RD FFL<br>PHOENIX AZ 85016<br>crk@tblaw.com<br>gws@tblaw.com<br>(Attorneys for Biltmore Associates<br>LLC as Agent) | CRAIG GOLDBLATT<br>WILMER CUTLER PICKERING<br>HALE<br>2445 M STREET<br>WASHINGTON DC 20037<br>craig.goldblatt@wilmerhale.com<br>(Attorneys for Hartford Fire Insurance<br>Company &<br>First State Insurance Company) |
| MARJORIE FISHER CUNNINGHAM<br>CURTIS & CUNNIGHAM<br>5610 E 22ND ST<br>TUCSON AZ 85711<br>mfc@theriver.com<br>(Attorneys for Plaintiffs | MICHAEL ZIMMER<br>ZALKIN & ZIMMER LLP<br>12555 HIGH BLUFF DR STE 215<br>SAN DIEGO CA 92130<br>mz@zalkin.com<br>(Attorneys for Plaintiffs) | A BATES BUTLER III<br>FENNEMORE CRAIG PC<br>ONE S CHURCH STE 100<br>PHOENIX AZ 85012-2615<br>bbutler@fclaw.com<br>(Unknown Claims Representative) |
| CLIFFORD B ALTFELD<br>LEONARD FELKER ALTFELD<br>GREENBERG<br>250 N MEYER AV<br>TUCSON AZ 85701<br>cbaltfeld@lfagb.com | LAWRENCE S VIOLA<br>KNAPP & VIOLA<br>PO BOX 1290<br>SAN MATEO CA 94401<br>lviola@violalaw.com<br>(Attorney for Plaintiffs) | DAVID A FITZGIBBONS<br>APRIL P ELLIOT<br>FITZGIBBONS LAW OFFICES PLC<br>711 E COTTONWOOD LN STE E<br>CASA GRANDE AZ 85230<br>david@fitzgibbonslaw.com<br>aelliott@fitzgibbonslaw.com |

and mailed to:

| | | |
|---|---|---|
| FIRST CATHOLIC SLOVAK<br>LADIES<br>24950 CHAGRIN BLVD<br>BEACHWOOD OH 44122 | TERRI THIESSEN<br>3781 W GOLFCOURSE RD<br>THATCHER AZ 85446 | BELEN ALDERETE<br>215 N WEST MORELAND<br>TUCSON AZ 85745 |
| THOMAS GROOM<br>1700 TORTUGA WAY<br>CLARKDALE AZ 86324<br>(Official Creditors Committee of Tort<br>Creditors) | DIANA HOLMS<br>PO BOX 1305<br>SONOITA AZ 85637<br>(Official Creditors Committee of Tort<br>Creditors) | MICHAEL MOYLAN<br>1724 W PINERIVER PL<br>TUCSON AZ 85746<br>(Official Creditors Committee of Tort<br>Creditors) |
| BRIAN O'CONNOR<br>3704 S MARVIN<br>TUCSON AZ 85730<br>(Official Creditors Committee of Tort<br>Creditors) | JEANNE METZGER<br>8743 E ROSE LN<br>SCOTTSDALE AZ 85250<br>(Official Creditors Committee of Tort<br>Creditors) | |
| | | |