Bruce G. Macdonald (No. 010355)
McNAMARA, GOLDSMITH, JACKSON
 & MACDONALD
A Professional Corporation
1670 E. River Road, Suite 200
Tucson, Arizona 85718

Telephone: (520) 624-0126
Facsimile: (520) 624-9238 – FAX
E-mail:bmacdonald@mgjmlegal.com

*Attorneys for the Official Tort Claimants Committee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: <br><br>THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON aka THE DIOCESE OF TUCSON, <br><br>Debtor. | Chapter 11 <br><br> Case No. 4-04-bk-04721-JMM <br><br> **MOTION UNDER FED. R. BANKR. P. 9019 FOR APPROVAL OF STIPULATION FOR SETTLEMENT AND ALLOWANCE OF TORT CLAIM** |

The Official Committee of Tort Claimants (the "Committee"), in its capacity as representative for the Tort Claimants in the above captioned Chapter 11 reorganization case (the "Reorganization Case"), hereby respectfully requests that the Court enter an Order under Fed. R. Bankr. P. 9019 approving that certain stipulation for resolution of Tort Claim (the "Stipulation") between the Committee and the Roman Catholic Church of the Diocese of Tucson (the "Diocese") and Claimant 220 who filed that certain proof of claim identified on the official claims register of the United States Bankruptcy Court for the District of Arizona for this Reorganization Case as claim no. 220 (the "Claimant"). A true and correct copy of the Stipulation is attached to and by this reference is incorporated into this Motion as Exhibit "1".

The Court has jurisdiction over this Motion as a "core proceeding" to enter a final order under 28 U.S.C. §§ 157(b)(1),(A), (B) & (O), and 1334. This Motion is based on Fed. R. Bankr. P. 9019.

This Motion is supported by: (i) the attached Memorandum of Points and Authorities; (ii) the attached Stipulation; and (iii) the entire record before the Court in this Reorganization Case.

**DATED** this 16TH day of October 2006.

McNAMARA, GOLDSMITH, JACKSON & MACDONALD, P.C.

By:    s/Bruce G. Macdonald
        Bruce G. Macdonald
        Attorneys for Official Tort Claimants
        Committee

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 20, 2004 (the "Petition Date"), the Diocese commenced the Reorganization Case by filing a voluntary Chapter 11 petition. The Diocese has remained a debtor-in-possession under 11 U.S.C. §§ 1107 and 1108 since the Petition Date.

**I. BACKGROUND**

The Diocese is the reorganized debtor in the above-styled and numbered chapter 11 case (the "Reorganization Case") pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court"). Claimant filed that certain proof of claim identified on the official claims register of the United States Bankruptcy Court for the District of Arizona for this Reorganization Case as claim no. 220 (the "Proof of Claim").[1]

---

[1] Terms used herein, which are not otherwise defined herein, will have the same meaning as defined in the Confirmed Plan of Reorganization.

On October 14, 2004, the Office of the United States Trustee appointed an official committee of tort creditors (the "Committee") (Dkt # 79).

On May 25, 2005, the Debtor filed the Third Amended and Restated Plan of Reorganization (the "Plan") and corresponding Third Amended and Restated Disclosure Statement (the "Disclosure Statement"). The Court entered its Order Confirming the Plan on August 1, 2005. A final version of the Plan was filed on September 21, 2005. Dkt #887. The Effective Date of the Plan occurred on September 20, 2005.

The Plan contemplates that, after the Effective Date, the Committee and the Diocese can settle claims even though the claims resolution process with the Special Arbitrator has commenced. In carrying out the intent of the Committee and the Diocese that there be settlement of Tort Claims to the extent possible, the Committee and the Diocese, with the assistance of the Special Arbitrator acting as a mediator[2], mediated this case with the Claimant and his attorney on October 3, 2006.

The parties to the Stipulation have knowledge of Claimants' allegations made in the Proofs of Claim, the pleadings, and the disclosures made in these proceedings, along with those contained in the books and records of the Diocese. In light of the risks of litigation, the parties wish to enter into the Stipulation and the settlement represented to resolve Claimant's claims in the context of the Confirmed Plan.

Accordingly, the Stipulation, which represents the settlement arrived at, generally provides as follows:

A.  The parties to the Stipulation agree to grant the Claimant an Allowed Tort Claim in the amount of $120,000. Claimant agrees to waive any claims for further distributions afforded to Settling

---

[2] The Parties agreed to the Special Arbitrator also acting as the mediator.

Tort Claimants pursuant to the Plan.

B.  The Committee agrees that the distributions and any other compensation being made to Claimant pursuant to the Stipulation and the Plan are for compensation of his claim of physical injury.

## II.  LEGAL ARGUMENT

Rule 9019(a), Federal Rules of Bankruptcy Procedure, authorizes a trustee (or debtor-in-possession), upon court approval, to enter into settlements. The decision of whether a settlement should be accepted or rejected lies within the sound discretion of the court. The legal principles that should guide the exercise of the court's discretion in approving an application for settlement are well established and include the following:

    a.  The probability of success in the litigation;

    b.  The difficulties, if any, to be encountered in the matter of collection;

    c.  The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.  The paramount interests of the creditors and a proper deference to their reasonable views in the premises.

In re A & C Properties, 784 F.2d 1377, 1381 (9th Cir. 1986), cert. denied sub nom. Martin v. Robinson, 479 U.S. 854 (1986); In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Gordon, 275 B.R. 555, 570 (Bankr. E.D. Ca. 2002); In re Colotran, Inc., 218 B.R. 507, 511 (B.A.P. 9th Cir. 1997). See also In re General Store of Beverly Hills, 11 B.R. 539, 541 (B.A.P. 9th Cir. 1981) (in ruling on a request to compromise a dispute, a court should consider the expense, benefits, hazards, complexity, the time required to litigate, and whether disallowance of the settlement would result in waste of the estate's assets).

In determining whether to approve a proposed settlement, the bankruptcy court does not

substitute its judgment for that of the settlement's proponents. Id. at 574. The responsibility of the bankruptcy judge is not to decide the numerous questions of law and fact that may be raised regarding the settlement, but rather to canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness. In re Energy Coop., 886 F.2d 921 (7th Cir. 1989); In re Teltronics Services, Inc., 762 F.2d 185, 189 (2d Cir. 1985); U.S. ex rel. Rahman v. Oncology Associates P.C., 269 B.R. 139, 149 (D. Md. 2001); In re Genesis Health Ventures, Inc., 266 B.R. 591, 620 (Bankr D. Del. 2001); In re Ashford Hotels, Ltd., 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998); In re Martin, 212 B.R. 316, 319 (B.A.P. 8th Cir. 1997). Thus, a mini-trial on the merits of the claims or a bankruptcy judge's independent investigation into the underlying dispute sought to be compromised is not required. In re Walsh Construction, Inc., 669 F.2d 1325, 1328 (9th Cir. 1982); Blair, 538 F.2d at 851; Martin, 212 B.R. at 319 ("The court does not substitute its judgment for that of the trustee, but reviews the issues to see if the settlement falls below the lowest point of reasonableness").

In determining the reasonableness of the settlement, the bankruptcy judge may weigh the opinions of the trustee, the parties and their attorneys, and may consider the principals' belief that all of the factors bearing upon the appropriateness of the settlement have been explored and that the compromise is fair, equitable and the wisest course. Blair, 538 F.2d at 851. Moreover, the court may consider the competency and experience of counsel who support the compromise. International Distribution Centers, 103 B.R. at 423; In re Texaco, Inc., 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988); see also, Walsh Construction, 669 F.2d at 1328.

Finally, in reviewing a proposed settlement, the court must be mindful of the fact that the law favors compromise (A & C Properties, 784 F.2d at 1381; Blair, 538 F.2d at 851) and that the bankruptcy court is uniquely situated to evaluate whether a compromise is in the best interest of the bankruptcy estate. Walsh Construction, 669 F.2d at 1328.

Unlike other claimants, Claimant 220 will get these funds 'up front.' In exchange, Claimant 220 has agreed to waive any possibility of future recovery. The Committee and the Debtor believe that this solution comports with a reasonable exercise of business judgment and is in harmony with treatment afforded other Settling Claimants under the Plan and with the intent of the Plan.

**III. CONCLUSION**

WHEREFORE, the Committee requests that the Court enter an Order:

A. Granting the Motion;

B. Approving the Stipulation; and

C. Granting such other relief as the Court deems just and proper under the circumstances.

DATED October 16, 2006.    McNAMARA, GOLDSMITH, JACKSON & MACDONALD, P.C.

By: s/Bruce G. Macdonald
Bruce G. Macdonald
Attorneys for Official Committee of Claimants

Copy of the foregoing *e-mailed* October 17, 2006 to:

| Gerard R. O'Meara<br>GUST ROSENFELD<br>One S. Church Ave., #1900<br>Tucson, AZ 85701<br>gromeara@gustlaw.com<br>*Attorneys for the Diocese of Tucson* | Tom Zlaket<br>Thomas A. Zlaket, P.L.L.C.<br>310 S. Williams Blvd., #170<br>Tucson, AZ 85711-4446<br>tazlaket@qwest.net<br>*Attorneys for the Diocese of Tucson* | Susan Boswell<br>Kasey Nye<br>Quarles Brady Streich Lang, LLP<br>One S. Church Ave, Suite 1700<br>Tucson, AZ 85701<br>sboswell@quarles.com<br>*Attorneys for the Diocese of Tucson* |
|---|---|---|
| Lynne Cadigan<br>Kim E. Williamson<br>504 S. Stone Ave.<br>Tucson, AZ 85701<br>lmcadigan@qwest.net<br>kewilliamson@qwest.net<br>*Co-Counsel for Plaintiffs* | Lowell E. Rothschild<br>Michael McGrath<br>Mesch Clark & Rothschild, P.C<br>259 N, Meyer Avenue<br>Tucson, AZ 85701-1090<br>lrothschild@mcrazlaw.com<br>mmcgrath@mcrazlaw.com<br>*Attorneys for Roman Catholic Parishes* | Rob Charles<br>Lewis and Roca LLP<br>One S. Church Ave., Suite 700<br>Tucson, AZ 85701-1611<br>rcharles@lrlaw.com<br>*Attorneys for Catholic Foundation for the Diocese of Tucson* |

| | | |
|---|---|---|
| Neil J. Konigsberg<br>Konigsberg Law Office PLLC<br>2302 E. Speedway Blvd., #104<br>Tucson, AZ 85719-4732<br>Neil.konigsberg@azbar.org<br>*Attorneys for Tucson Electric Power* | Donald L. Gaffney<br>Jonathan M. Saffer<br>Snell & Wilmer L.L.P.<br>One S. Church Ave., #1500<br>Tucson, AZ 85701-1630<br>dgaffney@swlaw.com<br>jmsaffer@swlaw.com<br>*Attorneys for Pacific Employers Insurance Company* | Robert B. Millner<br>Kevin P. Kamraczewski<br>Patrick C. Maxcy<br>Sonnenschein Nath & Rosenthal<br>8000 Sears Tower<br>Chicago, IL 60606<br>rmillner@sonnenschein.com<br>kevink@sonnenschein.com<br>pmaxcy@sonnenschein.com<br>*Attorneys for Pacific Employers Insurance Company* |
| G. David Delozier, P.C.<br>4016 E. Forest Pleasant Place<br>Cave Creek, AZ 85331<br>gddelozier@aol.com<br>*Attorneys for John Doe XXIII*<br>*Attorneys for Mother of John Doe XXIII*<br>*Attorneys for Confidential Claimant #86662* | Nancy J. March<br>DeConcini, McDonald, Yetwin & Lacy, P.C.<br>2525 E. Broadway Blvd., #200<br>Tucson, AZ 85716-5300<br>nmarch@dmyl.com<br>*Attorneys for St. Paul Travelers* | Robert K. Malone<br>Michael P. Pompeo<br>Drinker Biddle & Reath LLP<br>500 Campus Drive<br>Florham Park, NJ 07932<br>Robert.malone@dbr.com<br>Michael.pompeo@dbr.com<br>*Attorneys for St. Paul Travelers* |
| Christopher R. Kaup<br>Gregory W. Seibt<br>Tiffany & Bosco P.A.<br>Third Floor Camelback Esplanade<br>2525 E. Camelback Road<br>Phoenix, AZ 85016-4237<br>crk@tblaw.com<br>gws@tblaw.com<br>*Attorneys for Biltmore Associates as Agent for Certain Creditors* | Craig Goldblatt<br>Wilmer Cutler Pickering Hale and Dorr LLP<br>2445 M Street<br>Washington, D.C. 20037<br>Craig.Goldblatt@wilmerhale.com<br>*Attorneys for Hartford Fire Insurance Company and First State Insurance Company* | James A. Hayes, Jr.<br>Cummins & White, LLP<br>2424 S.E. Bristol St., #300<br>Newport Beach, CA 92660-0757<br>jhayes@cwlawyers.com<br>*Attorneys for Roman Catholic Bishop of Orange (California)* |
| Christopher J. Pattock<br>Office of the U.S. Trustee<br>230 N. First Ave., Rm. 204<br>Phoenix, AZ 85003-1725<br>christopher.j.pattoc@usdoj.gov | Marjorie Fisher Cunningham<br>Curtis & Cunningham<br>5610 E. 22nd Street<br>Tucson, AZ 85711-5525<br>mfc@theriver.com<br>*Attorneys for Plaintiffs* | Michael Zimmer<br>Zalkin & Zimmer LLP<br>12555 High Bluff Drive Suite 215<br>San Diego, CA 92130<br>mz@zalkin.com<br>*Attorneys for Plaintiffs* |
| A. Bates Butler<br>Fennemore Craig, P.C.<br>One South Church, Suite 100<br>Phoenix, AZ 85012-2615<br>bbutler@fclaw.com<br>*Unknown Claims Representative* | Charles L. Arnold<br>Frazer Ryan Goldberg Arnold & Gittler, LLP<br>3101 N Central, Suite 1600<br>Phoenix, AZ 85012-2615<br>Charles.Arnold@azbar.org<br>*Guardian Ad Litem* | Clifford B. Altfeld<br>Leonard Felker Altfeld Greenberg & Battaile, P.C.<br>250 N. Meyer Avenue<br>Tucson, AZ 85701<br>cbaltfeld@lfagb.com<br>*Attorneys for Plaintiffs* |

| | | |
|---|---|---|
| Lawrence S. Viola<br>Knapp & Viola<br>P.O. Box 1290<br>San Mateo, CA 94401<br>lviola@violaw.com<br>*Attorney for Plaintiffs* | David A. Fitzgibbons<br>April P. Elliot<br>Fitzgibbons Law Offices, P.L.C.<br>711 E. Cottonwood Lane, Suite E<br>Casa Grande, AZ 85230<br>david@fitzgibbonslaw.com<br>aelliott@fitzgibbonslaw.com<br>*Attorneys for St. Anthony de Padua School* | Sally M. Darcy<br>McEvoy, Daniels & Darcy, P.C.<br>Camp Lowell Corporate Center<br>4560 East Camp Lowell Dr.<br>Tucson, Arizona 85712<br>darcysm@aol.com<br>*Attorneys for Unknown Claims Representative* |
| Walter F. Wood<br>Walter F. Wood, LTD.<br>110 S. Church Ave., Suite 4398<br>Tucson, AZ 85701<br>walterfwood@aol.com<br>*Attorney for Brian O'Connor* | Ivan S. Abrams<br>Law Offices of Ivan S. Abrams<br>177 North Church Ave., Suite 200<br>Tucson, AZ 85701<br>tucson3985@aol.com | Daniel J. Quigley<br>Quigley & Whitehill, P.L.C.<br>2730 E. Broadway Blvd. #160<br>Tucson, AZ 85716-5384<br>Quigley@qw-law.com<br>*Attorneys for St. Augustine Catholic High School* |

Copy of the foregoing *mailed* October __17__, 2006 to:

| | | |
|---|---|---|
| First Catholic Slovak Ladies<br>24950 Chagrin Blvd.<br>Beachwood, OH 44122 | Terri Thiessen<br>3781 W. Golfcourse Rd.<br>Thatcher, AZ 85446 | Belen Alderete<br>215 N. West Moreland<br>Tucson, AZ 85745 |
| Thomas Groom<br>P.O. Box 673<br>West Plains, MO 65775<br>*Official Creditors Committee of Tort Creditors* | Michael Moylan<br>1724 W. Pineriver Place<br>Tucson, AZ 85746<br>*Official Creditors Committee of Tort Creditors* | Jeanne Metzger<br>P.O. Box 69681<br>Oro Valley, AZ 85737<br>*Official Creditors Committee of Tort Creditors* |
| Diana Holmes<br>P.O. Box 1305<br>Sonoita, AZ 85637<br>*Official Creditors Committee of Tort Creditors* | Brian O'Connor<br>3704 S. Marvin<br>Tucson, AZ 85730<br>*Official Creditors Committee of Tort Creditors* | Ronald G. Dandar<br>Old Route 22<br>P.O. Box A-AP 6933<br>Cresson, PA 16699-0001 |

By: ___s/Mary Ellen Shannon___

# EXHIBIT A

Bruce G. Macdonald (No. 010355)
McNAMARA, GOLDSMITH, JACKSON
  & MACDONALD, P.C.
1670 E. River Road, Suite 200
Tucson, Arizona 85718

Telephone: (520) 624-0126
Facsimile: (520) 624-9238 – FAX
E-mail:bmacdonald@mgjmlegal.com

*Attorneys for the Official Tort Claimants Committee*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re: | Chapter 11 |
|---|---|
| THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON aka THE DIOCESE OF TUCSON, | Case No. 4-04-bk-04721-JMM |
| Debtor. | **STIPULATION FOR SETTLEMENT AND ALLOWANCE OF TORT CLAIM** |

THIS STIPULATION entered into this 14TH day of October 2006, by and Claimant 220 ("Claimant") and the Official Committee of Tort Creditors (the "Committee") and the Roman Catholic Church of the Diocese of Tucson ("Debtor").

**RECITALS**

1.  Debtor is the Debtor and Debtor in Possession in the above-styled and numbered chapter 11 case (the "Reorganization Case") pending in the United States Bankruptcy Court for the District of Arizona (the "Bankruptcy Court").

2.  Claimant filed that certain proof of claim identified on the official claims register of the United States Bankruptcy Court for the District of Arizona for this Reorganization Case as claim #220 (the "Proof of Claim"). The real name of Claimant is known to the parties to this Stipulation and is available to the Bankruptcy Court in the Proof of Claim that was filed under seal pursuant to the

Bankruptcy Court's Order Granting Motion To File Under Seal, dated November 5, 2004 (Dkt # 118).

3. On September 20, 2004, Debtor filed a Plan of Reorganization (Dkt # 17) and its Disclosure Statement (Dkt # 18). Since that time, the Debtor has amended and restated the Plan of Reorganization and the Disclosure Statement and on May 25, 2005, filed the Third Amended and Restated Plan of Reorganization (the "Plan") and corresponding Third Amended and Restated Disclosure Statement (the "Disclosure Statement"). The Plan was confirmed on July 11, 2005 and the Confirmation Order was entered on August 1, 2005.[1] The Effective Date of the Plan occurred on September 20, 2005.

4. The Plan provides, inter alia, for the separate classification of "Tort Claims" defined in the Plan to include claims for physical injury arising from acts of sexual abuse committed by clergy or other persons associated with Debtor or any parish within Debtor. The Plan further provides for establishing a settlement trust (the "Settlement Trust"), which provides a dedicated fund through which Tort claimants will be able to receive timely compensation for injuries resulting from sexual abuse in accordance with the terms of the Plan. The Plan contemplates that in order to determine the level of compensation under the Settlement Trust, Tort Claims generally will be classified into one of four "tiers" for purposes of settlement. The criteria for classifying Tort Claims into particular tiers is found at Article 15 of the Plan and calls for classifying Tort Claims based upon the relative strength of the credible evidence regarding: (i) the actual acts of abuse; (ii) the injury suffered by the claimant; (iii) whether the claim would be barred by the statute of limitations or other affirmative defenses; (iv) whether the Diocese would have legal responsibility including the presence or absence of a supervisory

---

[1] Capitalized terms used herein that are not otherwise defined herein will have the meaning ascribed to such terms in the Third Amended and Restated Plan of Reorganization filed by Debtor on September 21, 2005. Dkt #887.

relationship to the perpetrator and the presence or absence of prior knowledge that the perpetrator was an abuser; and (v) the claim was timely filed.

5. The Plan also provides for, among other things, the ability of the Committee to settle Tort Claims in a manner deemed in the best interests of the Tort Claimants with Allowed Tort Claims and with a view toward maximizing the distributions to such Tort Claimants while taking into account the need to fairly and equitably treat all Allowed Tort Claims.

7. The parties have engaged in mediation with the Special Arbitrator and are willing to settle Claimant's Tort Claim and allow the alleged Tort Claim in the amount of $120,000 as a one time payment in light of the special risks presented by continuing litigation with Claimant, the costs of such litigation, and the desirability of resolving Claimant's Claim in the context of the status of the Reorganization Case. Claimant hereby agrees to accept Allowance of his alleged Tort Claim in the amount of $120,000 and has further agreed that he will receive no further distributions under the Plan.

9. Therefore, based upon the consideration, covenants, and agreements of the Claimant and the Debtor as set forth in this Stipulation, the Parties agree as set forth below:

**Agreement**

A. The Parties hereby expressly incorporate the foregoing "Recitals" into the "Agreement" of the Stipulation as though fully set forth herein.

B. The Diocese, the Committee and Claimant hereby stipulate to grant Claimant an Allowed Tort Claim in the amount of $120,000 (the "Claim No. 220 Payment") with payment to be made in accordance with the terms for settling claims under the Plan. The Claim 220 Payment will be a one-time payment outside of the Tier system provided for under the Plan, and the Claimant will not receive any further distributions from the Trust on account of his Allowed Tort Claim.

C.  In the event that any creditor or other party in interest objects to this Stipulation and such objection is upheld by the Bankruptcy Court, all rights of the Claimant and the Debtor with respect to allowance, disallowance, partial allowance, or otherwise of the Proof of Claim are hereby fully reserved until entry of a final order of the Bankruptcy Court approving this Stipulation.

D.  This is a settlement of a disputed and unliquidated claim. Neither party to this settlement admits the truth of the other party's allegations, and neither party to this settlement admits any liability to the other party. The Debtor agrees that the compensation being made to Claimant pursuant to this Stipulation and the Plan are for compensation of physical injuries.

E.  The Parties acknowledge that the consummation of this Stipulation requires the approval of the Bankruptcy Court. By executing this Stipulation, each of the Parties agree to proceed with reasonable diligence and to use best efforts to obtain the necessary approvals. The Parties agree that the Bankruptcy Court will retain jurisdiction under this Stipulation and the Plan to enforce the terms of this Stipulation.

F.  The Claimant shall be entitled to receive psychiatric and/or psychological counseling in according with the policies of the Diocese and the Victim Assistance Program at no cost to Claimant but limited to thirty (30) sessions.

G.  Upon execution of the Stipulation, it shall be presented by counsel for the Committee to the Bankruptcy Court for approval. When approved by order of the Court, the Stipulation shall be effective according to its terms as a post-petition agreement negotiated by the Committee and as the Court's adjudication of the matters set forth herein.

H.  Claimant acknowledges and agrees that he is bound by the terms of the Plan, which was confirmed by the Bankruptcy Court's Order of August 1, 2005.

I. The Stipulation may be signed in any number of counterparts, including facsimile transmittals, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same document.

DATED: October 16, 2006.

| **McNAMARA, GOLDSMITH, JACKSON & MACDONALD, P.C.** | **TREON, AGUIRRE & NEWMAN, P.A.** |
|---|---|
| By: s/Bruce G. Macdonald<br>Bruce G. Macdonald<br>1670 E. River Road, #200<br>Tucson, AZ 85718<br>*Attorneys for Official Tort Claimants Committee* | By: s/Richard T. Treon<br>Richard T. Treon<br>2700 N. Central Avenue, Suite 1400<br>Phoenix, Arizona 85004-1133<br>*Attorneys for Claimant No. 220* |

**QUARLES BRADY STREICH LANG, LLP**

By: s/Susan G. Boswell
Susan G. Boswell
Kasey C. Nye
One South Church Avenue, Suite 1700
Tucson, AZ 85701-1626
*Attorneys for Debtor*