SIGNED.

Dated: October 23, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF TUCSON *aka* THE DIOCESE OF TUCSON, an Arizona corporation sole,

Debtor.

) Chapter 11
)
) No. 4-04-bk-04721-JMM
)
) **MEMORANDUM DECISION ON MULTIPLE**
)
) **PLEADINGS RE: CLAIMANTS**
)
) **LAWRENCE EUGENE GOMES AND**
)
) **BEVERLY GOMES**

The court is has received and reviewed numerous pleadings, which have been filed, in propria persona, by Tort Claimant Lawrence Eugene Gomes and his spouse, Beverly Gomes, in reaction to the disallowance and dismissal of their claims by the Special Arbitrator pursuant to the confirmed plan of reorganization.[1]

The relief presently sought appears to require this Court to exercise its retained jurisdiction to enforce the confirmed plan of reorganization and the confirmation order. See Debtor's Third Amended and Restated Plan of Reorganization Dated May 25, 2005, Art. 20; Order Confirming The Third Amended and Restated Chapter 11 Plan Dated May 25, 2005, ¶ T (DN 402; 791).

It is well established law that a confirmed plan "is binding on all parties and all questions that could have been raised pertaining to the plan are entitled to res judicata effect." Trulis v. Barton, 107

---

[1] Mr. Gomes, through his attorney, had stipulated to treatment of his claim(s) under the terms of the confirmed Plan. See Complaint, Lawrence Eugene Gomes v. Bruce G. MacDonald, Adv. No. 4-07-ap-00039, p. 1, *referring to* Order Approving Stipulation (September 22, 2005) (Dkt. #897).

F.3d 685, 691 (9th Cir.1995); see also Heritage Hotel Ltd. P'ship I v. Valley Bank of Nev. (In re Heritage Hotel Ltd. P'ship I ), 160 B.R. 374, 377 (9th Cir. BAP 1993), aff'd mem., 59 F.3d 175 (9th Cir.1995) ; Davis v. Yageo Corp., 481 F.3d 661, 680–81 (9th Cir. 2007).

The Plan provides a procedure for the allowance or disallowance of tort claims by an appointed Special Arbitrator. Article 12 of the Plan sets forth the Treatment of Settling Tort Claimants (and of Relationship Tort Claimants) by the Special Arbitrator. Except for a possible opportunity to participate in counseling, the Plan provides that disallowed claims shall have no further claim rights:

> A Settling Tort Claimant, a Relationship Tort Claimant or an Unknown Tort Claimant whose Claim is Disallowed pursuant to the claim determination procedures set forth in the Plan will receive no distribution under the Plan and will have no further Claim against the Diocese, the Reorganized Debtor, a participating Third Party, a Settling Party or a Settling Insurer[.]

Plan ¶ 12.7.

Article 15 sets forth the criteria for determining the validity of tort claims by the Special Arbitrator. If a tort claim is disallowed by the Special Arbitrator, the Plan provided that the "Claimant will receive nothing under the Plan and will have no further Claim or right against the Debtor, the Reorganized Debtor, the Trustee or the Special Arbitrator." Plan ¶ 15.1(h). Moreover, the confirmation order states that "[a]ll decisions of the Special Arbitrator shall be final and there shall be no right of appeal." Conf. Ord. ¶ H.

Whether intentionally or by default, the Gomes elected to have their claims against the Debtor heard and decided through the arbitration proceedings.

Accordingly, on September 24, 2007, following a bifurcated trial, the Special Arbitrator found that Mr. Gomes's claim was barred by the operative statute of limitations, and dismissed Mr. and Mrs. Gomes' claims. See Decision (September 24, 2007), p. 2, *attached to* Pleading No. 4, *see below.*

In response thereto, Mr. and Mrs. Gomes have now filed the following pleadings with this court:

| | DOCKET NUMBER/ DATE | MOVANT | TITLE |
|---|---|---|---|
| | (1132) 10/3/07 | L. Gomes | Notice: Termination of Service of Attorney |
| | (1133) 10/6/07 | L. Gomes | Motion to Stay Appeal From Arbitration |
| | (1134) 10/1/07 | L. Gomes | Notice: Demand for Trial De Novo 28 Rule 657(b)(c)(1)R and (2) |
| | (1135) 10/1/07 | L. Gomes | Motion for New Trial, Rule 59. |
| | (1136) 10/12/07 | B. Gomes | Notice to the Court that Beverly Gomes Concurs with Lawrence Gomes' Decision Judgments and Pleadings |
| | (1137) 10/5/07 | L. Gomes | Pro Se Motion: Permission to Proceed in Forma Pauperis |
| | (1138) 10/15/07 | L. Gomes | Request of the Arbitrator for a Copy of the Docket |
| | (1139) 10/15/07 | L. Gomes | Notice of Filing Rule 79 Summary Judgment and Order Denying Dated April 16, 2007 |
| | (1140) 10/12/07 | L. Gomes | Notice of Filing Request for Relief Re: Renewed Motions DN 1133, 1134 and 1135 |
| | (1143) 10/17/07 | L. Gomes | Motion for Orders to Show Cause Re: Contempt Against Special Arbitrator Lina Rodriguez, and Attorney Bruce McDonald |

This court will address each item in turn.

**Notice of Termination of Service of Attorney**

As for the pleading entitled Notice of Termination of Service of Attorney, Mr. Gomes has not requested any relief from this court. Nor is this court authorized to grant or deny compensation to Claimant's attorney, as suggested in his motion. The Plan provides that such fees will be "borne by such Claimants based on applicable state law and individual arrangements made between them and their attorneys." Plan ¶ 12.9. To the extent that Mr. and Mrs. Gomes seek judicial relief on this motion, the motion will be DENIED.

## Motion to Stay Appeal From Arbitration

The next pleading, described as a Motion to Stay Appeal from Arbitration, seeks a stay pending a ruling by this court on Mr. Gomes's Rule 59 motion for a new trial. There is no basis in the Bankruptcy Rules or federal rules for such a stay. Bankruptcy Rule 8005 provides for a stay pending <u>an appeal</u>. The record does not reflect that Mr. Gomes has filed a notice of appeal to an appellate court. Furthermore, an appeal of the Special Arbitrator's decision is prohibited by the terms of the Plan and confirmation order. <u>See</u> Conf. Order ¶ (H). Thus, there is no legal basis upon which this court can grant such a stay request. Accordingly, it will be DENIED.

## Demand for Trial De Novo

The Gomes' Demand for Trial De Novo seeks to employ the federal arbitration statute, 28 U.S.C. § 657(c). This statute governs court-mandated arbitration as part of alternative dispute resolution in bankruptcy adversary actions, but is not applicable to a confirmed reorganization plan. A reorganization plan, once confirmed, is a new contract among the parties, who are in turn bound by it. <u>See</u> <u>In re A.H. Robins Co., Inc,</u>. 42 F.3d 870, 875 (4th Cir. 1994) (giving effect to arbitration rules established for a trust, as part of reorganization plan, to pay products liability claims). The Plan, in this case, provides for a "Special Arbitrator," who shall determine the allowance or disallowance of the tort claims according to the procedures set forth in the Plan. Those procedures do not incorporate the specific dispute resolution statute mentioned above, and they do not provide for any right to reject the decision and request a new trial or a trial de novo and/or take an appeal in regards to the Special Arbitrator's decision. Instead, the Plan terminates the claim rights of claimants once the Special Arbitrator has disallowed a claim. No appeals can be taken therefrom.

The Plan does not provide a review process from the Special Arbitrator's decisions, and further provides that such decisions are final. Since the Gomes failed to appeal from Plan confirmation order itself, they are bound by it, because that order became final over two years ago.

4

According to the Plan, there are no appeal rights from the Special Arbitrator's decision, to this or any other court.

Therefore, the Gomes' motions on this ground will be DENIED.

**Motion for New Trial**

Mr. Gomes also moves for reconsideration of the Special Arbitrator's decision, pursuant to Bankruptcy Rule 9023, which implements Federal Rule of Civil Procedure 59. This rule only applies to "judgments." See Norton Bankruptcy Law & Practice 2d: Bankruptcy Rules, Editor's Comment to Rule 9023 (2006-2007 ed.). Bankruptcy Rule 9002(5) defines a "judgment" as "any order appealable to an appellate court." By the plain terms of the Plan, the Special Arbitrator's order is not an appealable judgment. Therefore, Federal Rule 59 does not apply, and Mr. Gomes's motion will be DENIED.

**Joinder by Ms. Gomes**

The next pleading is simply a joinder by Ms. Gomes. Her motion is similarly DENIED, because her joinder requests no independent action, nor does she set forth any additional legal support for Mr. Gomes' arguments.

If Ms. Gomes does seek separate relief, it will be DENIED.

**Motion to Proceed in Forma Pauperis**

Mr. Gomes seeks permission to proceed with the instant motions in forma pauperis. This motion will be DENIED as moot.

### Request for Arbitrator's Docket

This pleading is a request for the Special Arbitrator's docket for purposes of the new trial motions. This court does not maintain such a docket. As such, it will be DENIED as moot.

### Summary Judgment Issues

This pleading is simply a notice of filing the Special Arbitrator's Order Denying Summary Judgment, filed in the arbitration proceeding. No express relief is apparently sought, but to the extent any affirmative relief is sought, it will be DENIED.

### Renewed Motions

This pleading is a renewed request for previously discussed motions to be granted. It will be DENIED.

### Motion for Orders to Show Cause re: Contempt

This court has no contempt powers over the Special Arbitrator, nor over the Committee counsel, for merely exercising their rights pursuant to a confirmed plan. This motion seeks relief beyond the jurisdiction of the court, sets forth no specific grounds for such relief, and therefore will be DENIED.

A separate order will be entered. Fed. R. Bankr. P. 9021. Should Mr. or Ms. Gomes wish to take any appeal of this court's order, they must file such appeal within ten (10) days after the Clerk of the Court enters it on the Bankruptcy Court Docket. Fed. R. Bankr. P. 8002.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

Lawrence Eugene Gomes #86662
Arizona State Prison Complex - Tucson
Santa Rita Unit 4B13
P.O. Box 24406
Tucson, AZ 85734-4406                    U.S. Mail

Beverly Gomes
131 N. 112 Dr.
Avondale, AZ 85323                       U.S. Mail

Susan G. Boswell
Quarles & Brady LLP
One South Church Avenue, Suite 1700
Tucson, Arizona 85701-1621               Email sboswell@quarles.com

Hon. Lina Rodriquez
P.O. Box 36023
Tucson, AZ 85740                         U.S. Mail

Bruce G. MacDonald
McNamara, Goldsmith, Jackson & MacDonald, P.C.
1670 E. River Road, Suite 200
Tucson, AZ 85718                         Email bmacdonald@mgjmlegal.com

Office of the United States Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1706                   U.S. Mail


By /s/  M. B. Thompson
       Judicial Assistant